KEKER, VAN NEST & PETERS LLP
ERIN E. MEYER - # 274244
emeyer@keker.com
JONHATAN A. ARAGON - # 338756
jaragon@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Petitioner Paula Sofia Ramirez Clavijo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Paula Sofia Ramirez Clavijo, | Case No. 3:25-cv-06248 |
| Petitioner, | **DECLARATION OF JONHATAN A. ARAGON** |
| v. | Date Filed: July 25, 2025 |
| POLLY KAISER, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security, PAMELA BONDI, Attorney General of the United States, acting in their official capacities, | |
| Respondents. | |

I, Jonhatan A. Aragon, declare as follows:

1. I am an attorney at the law firm of Keker, Van Nest & Peters LLP, licensed to practice law in the State of California. I am counsel for Petitioner Paula Sofia Ramirez Clavijo in the above-captioned action. I have personal knowledge of the facts set forth herein and if called upon as a witness thereto, could do so competently under oath.

2. I submit this declaration pursuant to Civil L.R. 65-1(b).

3. I understand that on July 24, 2025, Petitioner appeared at the San Francisco Immigration Court, located at 630 Sansome Street in San Francisco, California, for her first Master Calendar hearing before Immigration Judge Patrick O'Brien. I further understand that her case was called at the end of the docket, and she was asked to come forward with another woman whom she did not know.

4. I understand that Judge O'Brien informed Petitioner that the Department of Homeland Security ("DHS") had moved to dismiss her case in order to initiate expedited removal proceedings. I further understand that Judge O'Brien did not grant the motion at that time, but instead, he gave Petitioner time to respond and scheduled a further hearing for August 21, 2025. I have reviewed the EOIR Case Status website at https://acis.eoir.justice.gov/en/caseInformation, and as of the filing of this declaration, the website indicates that Petitioner's next master calendar hearing remains scheduled for August 21, 2025.

5. I also understand that before the close of Petitioner's master calendar hearing, Judge O'Brien remarked that he hoped to see Petitioner again, but that given the government's position, it would be unlikely.

6. I understand that immediately after exiting the courtroom on July 24, 2025, Petitioner was approached and arrested by approximately four DHS agents before she could leave the courthouse. It is my understanding that the agents did not verify Petitioner's identity, did not present a warrant at the time of arrest, and did not inform her of the reason for the arrest. I also understand that the DHS agents escorted Petitioner to the San Francisco ICE office located on another floor of the same building at 630 Sansome Street in San Francisco, California.

7. On the morning of July 25, 2025, at approximately 8:30 a.m., I met with Petitioner at the San Francisco ICE office at 630 Sansome Street in San Francisco, California. During this meeting, I obtained Petitioner's consent for Keker, Van Nest & Peters to represent her on a pro bono basis in connection with the underlying habeas petition and related motions. I remained with Petitioner until approximately 9:30 a.m.

8. While at the San Francisco ICE office, an ICE agent informed me that another woman detained in San Francisco Immigration Court on July 24, 2025 had recently been transferred out of the San Francisco ICE office and that Petitioner would likely be transferred to another detention facility soon. The agent did not disclose when or where the transfer would occur.

9. I understand that Petitioner suffers from anxiety and depression, which, among other things have led to the development of alopecia. I further understand that Petitioner wears a wig to manage the psychological effects of the condition. It is my understanding that Petitioner is extremely distressed by the possibility that ICE may confiscate her wig while in detention, and I understand that this has exacerbated her existing mental health symptoms.

10. During our meeting on July 25, 2025, Petitioner appeared visibly distressed and shaken. She was crying, and based on my observations, it was clear that her arrest and detention have significantly intensified her mental health symptoms.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on July 25, 2025, in San Francisco, California.

_____
Jonhatan A. Aragon